GORMULLY & J. MFG. CO. v. STANLEY CYCLE MFG. CO. et al.

(Circuit Court, S. D. New York. November 15, 1898.)

1. PATENTS—NOVELTY—COMBINATION OF OLD ELEMENTS.
   A patent for a combination cannot be defeated by showing that each of its elements, separately considered, is old, but it must be shown that the combination is old.
2. SAME—ANTICIPATION.
   A patent for a device which fails to accomplish the desired end is not an anticipation of one which successfully accomplishes that end.
3. SAME—SUIT FOR INFRINGEMENT—TITLE OF COMPLAINANT.
   It is sufficient to enable a complainant to maintain a suit for infringement if it owned the patent at the time the suit was commenced, and continues to own it at the trial.
4. SAME—IMPROVEMENTS IN VELOCIPEDES.
   The Jeffery patent, No. 398,158, for an improvement in velocipedes, shows patentable novelty, and the invention was not anticipated.

This was a suit in equity by the Gormully & Jeffery Manufacturing Company against the Stanley Cycle Manufacturing Company and others for the infringement of a patent. On final hearing

Charles K. Offield, for complainant.
Joseph L. Levy, for defendants.

COXE, District Judge. The patent in controversy, No. 398,158, was granted February 19, 1889, to Thomas B. Jeffery for improvements in velocipedes. The invention relied on has reference to novel features in the construction of the sprocket-wheel, by means of which, the specification asserts, the machine is made lighter, space is saved on the pedal-crank shaft, and the power-communicating wheel may be removed without detaching the crank.

The only claim relied on is the tenth, which sufficiently describes the invention. It is as follows:

"10. In combination with the pedal-crank shaft, the pedal-crank provided with a hub, by which it is secured to the shaft, and with arms, for securing the power-communicating wheel, such power-communicating wheel having

no hub, but having an opening about its center large enough to permit the crank-hub and its arms to pass through, whereby said power-communicating wheel may be passed over the crank and its arms, and secured behind or within the same without detaching the crank from the shaft, substantially as set forth."

The defenses are defective title, noninfringement and lack of patentable novelty.

Of course the claim cannot be defeated by showing that each of its elements, separately considered, was old. The defendants must prove that the combination was old. If they fail in this they fail irretrievably.

The British patent, No. 3,294, granted to Renouf and Boothroyd in 1886 is the defendants' best reference. This is conceded on all sides. If this patent does not defeat the tenth claim it must be sustained.

Although a number of novel and valuable features are pointed out as inhering in the Jeffery invention it is thought that the distinguishing characteristic, and the one which gives it its chief merit, is the arrangement by which the power wheel can be removed and a new one, of different gauge, substituted without disturbing the crank.

The English patent shows a clumsy device which, apparently, never went into successful operation. It seems to be conceded that the English structure cannot be used as the Jeffery structure is used without first making several important changes. The proof leaves no doubt on this subject. It is argued that these changes might have occurred to the skilled artisan. That they did not occur to any one until Jeffery made the invention is evident. They seem simple enough now but invention depended upon their being successfully wrought out. In short, in these changes lies the difference between the commercial failure of the English patent and the widely-recognized success of the patent at bar.

It is a significant fact that the English patentees, having in mind the desirability of making the parts detachable, have only contributed a recipe which shows the art "how not to do it." A patent which fails to show the one feature on which invention rests is valueless as an anticipation.

Without pursuing the subject further the court is of the opinion that Jeffery's contribution to the art constituted an invention, not a great invention, not a primary invention, but one which made a distinct advance in an art crowded with skilled mechanics, and one which the courts should uphold.

There can be no doubt that the bicycle purchased of the defendant corporation and introduced in evidence as "Complainant's Exhibit Defendants' Bicycle" is an infringement. The proof shows, and the memory of the court is in accordance with the proof, that this structure contains the combination of the claim without any material departure therefrom. There is nothing in the record which requires a construction of the claim so narrow as to permit this structure to escape.

The court is unable to find any testimony that the individual defendants have infringed and as to them the bill is dismissed. Consolidated Fastener Co. v. Columbian Fastener Co., 79 Fed. 795, 801.

The criticism of the complainant's title is without merit. If the defendants' proof establishes anything it is that the complainant acquired title to the patent before the assignment introduced by the complainant. It is enough that the complainant owned the patent when the suit was commenced and owns it now. The complainant complied sufficiently with the provision of the law in marking its machines "Patented."

It follows that the complainant is entitled to the usual decree against the defendant corporation.